JOSÉ A. FERNÁNDEZ PABÓN, lesionado, FORD MOTOR COMPANY, INC., recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada, FONDO DEL SEGURO DEL ESTADO, asegurador.

*Número:* O-80-263 *Resuelto:* 31 de marzo de 1981

*O'Neill & Borges* e *Irwin H. Flashman,* abogados de la recurrente; *Enrique Pellot, Antonio Acevedo Torres* y *Francisco Falú Lebrón,* abogados de la Administradora del Fondo del Seguro del Estado.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

La Ford Motor Company Caribbean, Inc., no subsanó dentro del tiempo prescrito por el Secretario del Trabajo ciertas deficiencias en su fábrica. Debido a ello, un obrero sufrió un accidente en el año 1969. Fue compensado por el Fondo del Seguro del Estado. Se le adjudicó una incapacidad de un 5% que la Comisión Industrial aumentó a 10%. De acuerdo con lo dispuesto en el Art. 3-B de la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 4a, [1]

[1] "En los casos en que la lesión, enfermedad ocupacional o la muerte que dan derecho de compensación al obrero, empleado o sus beneficiarios, de acuerdo con este Capítulo, le hubiera provenido como consecuencia de violaciones de las secs. 321 a 335a del Título 29, o de las reglas o reglamentos aprobados en virtud de las mismas, debidamente notificados y no subsanados dentro del tiempo prescrito por el Secretario del Trabajo, el perjudicado o sus beneficiarios, en caso de muerte tendrán derecho a recibir una compensación adicional equivalente a la establecida por este Capítulo.

"La compensación adicional aquí dispuesta, será pagada por el Administrador de una sola vez del Fondo para Casos de Patronos no Asegurados. El montante de dicha compensación adicional se cobrará al patrono y constituirá un gravamen (*lien*) sobre toda la propiedad de éste, haciéndose efectiva en la forma provista en este Capítulo para el cobro de la compensación en el caso de patronos no asegurados. Las sumas a pagarse en virtud de esta sección no se tomarán en consideración a los fines de la fijación de primas.

"De la decisión del Administrador imponiendo la compensación adicional, el patrono podrá apelar ante la Comisión Industrial dentro de un término de treinta (30) días después de haber sido notificado."

se impuso al patrono una compensación adicional igual a la concedida por el Fondo, según aumentada por la Comisión Industrial. El patrono hizo efectivo el pago.

Algún tiempo después, el obrero acudió nuevamente al Fondo alegando una recidiva. "[F]ue dado de alta con un 30% de las funciones fisiólogicas generales por su condición orgánica a descontar lo anteriormente pagado y un 30% de las funciones fisiológicas generales por condición emocional, independiente de lo otorgado por su condición orgánica." El Fondo determinó que la compensación adicional ascendía a la cantidad de $10,000, a la que había que restar lo pagado originalmente, $2,025.00, correspondiéndole la suma de $7,975.00. El Fondo requirió entonces del patrono el pago de esta cantidad adicional.

El patrono acudió ante la Comisión Industrial. Solicitó que el obrero se sometiera a un examen físico y un examen emocional que se llevarían a cabo por los médicos seleccionados por el patrono.

La Comisión Industrial negó el pedido. A la solicitud de revisión radicada por el patrono concedimos a la parte recurrida un término "para mostrar causa por la cual no deba expedirse el auto solicitado y una vez expedido revocar la resolución que dictara la Comisión Industrial en el caso de Fernández Pabón, lesionado, Ford Motor Company, patrono, Núm. C.I. 70-7-5819 y dictar otra permitiendo al patrono someter al lesionado a exámenes médicos a ser practicados por médicos seleccionados por el patrono y presentar su testimonio en adición a cualquier otro testimonio pertinente".

La contención del recurrido para negarle al patrono investigar y precisar la condición del obrero, que encontró eco ante la Comisión Industrial, es al efecto de que el patrono no tiene derecho a apelar para contradecir o impugnar la determinación de compensación ni de incapacidad reconocida por el Administrador del Fondo del Seguro del Estado.

Examinada la ley, no tiene base el fundamento aducido

por la Comisión Industrial. Expresamente dispone el estatuto:

De la decisión del Administrador imponiendo la compensación adicional, el patrono podrá apelar ante la Comisión Industrial dentro de un término de treinta (30) días después de haber sido notificado.

Y precisamente de una resolución del Administrador del Fondo, que impone la compensación adicional en la cual se incluye una incapacidad de un 30% por condición emocional, es que recurre el patrono.

*Se expedirá el auto solicitado, se revocará la resolución recurrida y se dictará otra que permita al patrono someter al obrero a exámenes médicos que serán practicados por médicos seleccionados por el patrono y presentar su testimonio en adición a cualquier otro testimonio pertinente.*